**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| OPEN ON SUNDAY LLC | ) | |
|     PLAINTIFF | ) | |
| | ) | |
| Vs. | ) | CIVIL,ACTION |
| | ) | FILE NO. |
| SAMUEL PRAKZREL MICHEL; | ) | |
| HARBOURVIEW EQUITY | ) | |
| PARTNERS LLC; ROBERT S MELONI; | ) | |
| MELONI & McCAFFREY; STEVEN S. | ) | |
| SHAPIRO; DAVIS SHAPIRO LEWIT | ) | |
| & GRABEL LLP | | |
|     DEFENDANTS. | | |

## COMPLAINT

Plaintiffs OPEN ON SUNDAY LLC ("Plaintiffs"), by and through counsels of record

respectfully files this Complaint against Defendants SAMUEL PRAKZREL MICHEL

("Defendant Michel") HARBOURVIEW EQUITY PARTNERS LLC ("Defendant

Harbourview"); ROBERT S MELONI ("Defendant Meloni") and MELONI &

McCAFFREY ("Defendant McCaffrey)") STEVEN S. SHAPIRO ("Defendant Shapiro")

and DAVIS SHAPIRO LEWIT & GRABEL LLP ("Defendant DSL") shows this Court

the following.

## PRELIMINARY STATEMENT

1.    This action is for Breach of Contract against Defendant Michel; fraud and conspiracy to

commit fraud against Defendants Michel, Meloni, McCaffrey, Shapiro, and DSL. Furthermore,

this is an action under the Uniform Voidable Transactions Act to void the purchase of assets

1

owned by Defendant Michel that was security for the debt that Defendant Michel owed to Plaintiff, conversion of that secured asset's royalty payments, and for monies owed on a promissory note against Defendant Michel and Defendant Harbourview.

## JURISDICTION AND VENUE

2.      This action is brought under **28 U.S. Code § 1332; Diversity of Citizenship.**

3.      Plaintiff is a foreign corporation registered in the state of Delaware and headquartered in Atlanta Georgia.

4.      Defendant Michel is an individual and resident of California who executed a choice of law and venue provision in the loan agreement and promissory note at issue specifying the state and federal courts located in Fulton County Georgia as the proper forum for any dispute regarding the loan agreement and promissory note. He maybe served at 8500 Burton Way #105 Los Angeles Ca. 90048.

5.      Defendant Harbourview is a foreign corporation registered in New Jersey who conducts business in Georgia. They can be served at 303 Montrose Ave. South Orange, NJ. 07079.

6.      Defendant Meloni is a licensed attorney specializing in representing artist and has represented many artists that are citizens of Atlanta Georgia and who represented Defendant Michel at all times relevant to this action. He is a citizen of New York. NY. He can be served at 3 Columbus Cir. New York. NY. 10019.

7.      Defendant Shapiro is a licensed attorney specializing in representing artist and has represented many artists that are citizens of Atlanta Georgia and who represented Defendant

2

Michel at all times relevant to this action. He is a citizen of New York, NY.  He can be served at 414 West 14th Street, New York. NY 10014.

8.     Defendant McCaffrey is a law firm specializing in representing artist and has represented many artists that are citizens of Atlanta Georgia and who represented Defendant Michel at all times relevant to this action. The firm is registered in the state of New York. It can be served at 3 Columbus Cir. New York. NY. 10019.

9.     Defendant DSL is a law firm specializing in representing artist and has represented many artists that are citizens of Atlanta Georgia and who represented Defendant Michel at all times relevant to this action. The firm is registered in the state of New York NY.  It can be served at 414 West 14th Street, New York. NY 10014.

10.    This action is for a sum of monies exceeding $75,000.

## BENCH TRIAL DEMANED

11.    Plaintiff demands a bench trial on each and every one of the claims as pleaded herein.

## STATEMENT OF FACTS

12.    On January 18, 2022, Defendant Michel and Plaintiff entered into a settlement agreement and loan agreement secured by assets at issue. (See Exhibit A; Secured Note and Promissory Agreement and Exhibit B: Asset Pledge and Security Agreement).

13.    In the Secured Note and Promissory Agreement, Defendant Michel agreed to pay (i) interest in an amount equal to the Asset's calculated earnings from Sony in respect of the Asset's calculated earnings from Sony in the second half of 2021 and (ii) principal of $6,500,000 (Six

Million Five Hundred Thousand), on or before April 30, 2022. Defendant Michel did not make any of the forementioned payments,

14.     On, or about, February 24th 2022, Plaintiff's management team met with Defendant Michel. In that meeting, Defendant Michel asked Plaintiff to exchange the assets securing the loan for a "book deal" on an autobiography of his life. Plaintiff rejected his offer and reminded him that he and his counsel knowingly withheld critical information concerning his tax liens on the pledged assets which prevented Plaintiff from receiving the anticipated royalty payments from Sony in accordance with the Asset Purchase Agreement, dated July 2, 2021.

15.     Defendant Michel then asked Plaintiff for an additional $3,000,000 (Three Million Dollars) to pay for his DOJ defense counsel. He then proceeded to show Plaintiff a purported bank draft for $30,000,000 (Thirty Million Dollars). Plaintiff rejected his offer.

16.     On, or about, April 19, 2022, Defendant Michel's counsel (Defendant Meloni) contacted Plaintiff and requested Plaintiff agree to exchange the pledged assets for the unsubstantiated book deal. Plaintiff rejected the offer. Defendant Meloni continued to contact Plaintiff and request Plaintiff to agree to exchange the pledged assets for the unsubstantiated book deal until May, 25, 2022.  Plaintiff rejected the offer upon every request.

17.     On May 23rd, 2022 Plaintiff sent Defendant Michel and his counsel Prelitigation Notice of Default.  In that notice, Plaintiff notified Defendant Michel that Plaintiff was exercising its rights under the aforementioned loan agreements and foreclosing on the assets.

18.     After issuing the Notice of Default, Plaintiff discovered that Defendant Michel fraudulently transferred the assets to Defendant Harbourview.

19.     In order to induce Defendant Harbourview into participating in the fraudulent transfer of the pledged assets, Defendants Michel, Meloni, Shapiro. DSL and McCraffrey knowingly created and/or presented **FORGED DOCUMENTS** that stated Plaintiff's had exchanged the pledged assets for a <u>nonexistent</u> book deal.

20.     Defendant Harbourview is a company engaged in the acquisition of entertainment content on behalf of Apollo Global Management and it's clients. Defendant Harbourview are experts in the field on acquiring entertainment assets like the ones at issue.

21.     Defendant Harbourview has offices in many states and has an established presence in the Atlanta Georgia area through an Atlanta based member/advisor and its active closing of content acquisition purchases with locally based law firms.

22.     Defendant Harbourview was aware of Plaintiff's secured positions; the Note and Asset Pledge Agreement; the "active UCC filings" in New York, California and Georgia. Despite having possession of this information, Defendant Harbourview failed to contact Plaintiff to inquire about the encumbrances and active UCC filings.

23.     Defendant Harbourview encouraged Defendants Michel, Meloni, Shapiro, Macaffrey and DSL to obtain a release on the pledged asset from Plaintiff and was willing to delay closing the purchase until the release was obtained.

24.     On or about May 22, 2022, the Defendants Michel, Meloni, Shapiro, Macaffrey and DSL unlawfully transferred the pledged assets from Defendant Michel to Defendant Harbourview.

25.     Defendant Harbourview knew that the purchase amount they were giving Defendant Michel was well in excess of the amount owed to Plaintiff but failed to ensure that Plaintiff's liens were satisfied by Defendant Michel.

26.     Defendant Harbourview was **WILLFULLY BLIND** and eagerly accepted the **release that they knew or should have known was forged**.  Furthermore, Defendant Harbourview actively attempted to circumvent active UCC filings and took possession of the assets for Apollo Global Management.

27.     Plaintiff received confirmation about the purchase from reading about it in a financial publication and immediately contacted Defendant Harbourview.

28.     During those communications Defendant Harbourview acknowledged that they were aware of Plaintiffs liens, that they have a document that released those liens, and that document was critical to the purchase of the assets.

29.     On or about September 5th, 2022 representatives for Plaintiff reported the forgery to state and federal law enforcement.

30.     The liens on the secured assets have not been satisfied.

## FIRST CLAIM: BREACH OF CONTRACT BY DEFENDANT MICHEL

31.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in each preceding paragraphs as if fully set forth herein.

32.     The conduct and actions of Defendant Michel constitutes breach of contract.

33.     As a direct and proximate result of the foregoing, Plaintiffs suffered financial losses in an amount to be proven by trial.

## SECOND CLAIM: FRUAD AND CONSPIRACTY TO DEFRAUD  BY DEFENDANTS MICHEL, MELONI,  SHAPIRO, DSL, AND McCAFFREY

34.     Plaintiffs re-alleges and incorporates paragraphs 1-30 of the Complaint as though they were fully set forth herein.

35.     The conduct and actions of Defendants constitutes fraud and conspiracy to commit fraud.

36.     As a direct and proximate result of the foregoing, Plaintiffs suffered financial losses in an amount to be proven at trial

## THIRD CLAIM: COMMON LAW FRAUD BY DEFENDANT MICHEL, MELONI AND McCAFFREY, SHAPIRO, AND DSL

37.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

38.     The conduct and actions of Defendants constitutes Common Law Fraud.

39.     As a direct and proximate result Plaintiff suffered financial losses in an amount to be proven at trial.

## FOURTH CLAIM: VIOLATION OF THE STATE UVTA BY DEFENDANT HARBOURVIEW AND MICHEL

40.     Defendants' actions of selling and purchasing the secured assets were done in part to wrongfully prevent Plaintiff from collecting its due monies from those assets and/or to hinder or delay the same.

41.     The actions of Defendants were intentional, reckless, and unwarranted, and without any just cause and Defendants knew, or should have known, that their actions were without the consent of Plaintiff.

42.     The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

43.     As a direct and proximate result of the foregoing, Plaintiffs suffered financial losses at a amount to be proven at trial.

7

## FIFTH CLAIM: CONVERSION BY DEFENDANTS MICHEL AND

## HARBOURVIEW

44.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

45.     The conduct and actions of Defendants constitutes Conversion.

46.     As a direct and proximate result of the foregoing, Plaintiffs suffered financial losses in an amount to be proven by trial.

## SIXTH CLAIM: MONIES OWED FROM PROMISSORY NOTE AGAINST

## DEFENDANT HARBOURVIEW AND DEFENDANT MICHEL

47.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

48.     The liens securing the pledged assets have not been satisfied..

49.     As a direct and proximate result of the foregoing, Plaintiffs suffered financial losses in an amount to be proven by trial.

## ALLEGATIONS REGARDING PUNITIVE DAMAGES

50.     Defendants Michel, Meloni, Shapiro, DSL, and McCaffrey committed intentional and malicious acts and is liable to Plaintiff for punitive and exemplary damages. Said Defendant's acts, omissions, breaches, violations of law and tortious conduct have damaged Plaintiff in an amount to be proven at trial.

51.     The actions of Defendants in this case, demonstrate willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises the presumption of conscious indifference to consequences.

52.     Said Defendants' actions were specifically intended to harm Plaintiff, and, thus, Plaintiff is entitled to recover punitive and exemplary damages from such Defendants without limitation.

**WHEREFORE**, Plaintiff, prays as follows:

a)     That process issue and that Defendants be served according to the law;

b)     That Plaintiff has a trial by Bench;

c)     That Plaintiff has and recovers a verdict and judgment against Defendants, for all compensatory, general, and punitive damages, and for reasonable attorney fees, for the immediate transfer of title and rights to the pledged assets and for all such amounts as may be proven before the trier of fact; and have the purchase of the asset voided and

d)     That Plaintiffs have such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

Tony E. Mathis
State Bar # 477066
985 Eliza Ann Cove
Lawrenceville , GA. 30045
Office 678 358 1212
Mathis358@hotmail.com