IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OPEN ON SUNDAY LLC, | ) | Case No.: 1:22-cv-04167-SCJ |
| | ) | |
| Plaintiff, | ) | |
| | ) v. | |
| | ) | |
| | ) | |
| SAMUEL PRAKZREL MICHEL; | ) | |
| HARBOURVIEW EQUITY PARTNERS LLC; | ) | |
| ROBERT S. MELONI; | ) | |
| MELONI & MCCAFFREY; | ) | |
| STEVEN S. SHAPIRO; | ) | |
| DAVIS SHAPIRO LEWIT & GRABEL, LLP; | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

    **Plaintiff brings this action alleging fraud and conspiracy to defraud by Defendant through forgery. Plaintiff also seeks to void the sale of the asset under the Uniform Voidable Transaction Act or in the alternative enforce the security interest in the collateral. Plaintiff alleges that Defendant forged a signature of an officer of the company with the intent to defraud Plaintiff of its security to the assets.**

    Defendant Prakazrel Samuel Michel is incorrectly sued as "Samuel Prakzrel Michel ("Michel") denies that (i) one, more or all defendants conspired to commit fraud as alleged in the Complaint, (ii) the acquisition of assets is voidable under the

Uniform Voidable Transaction Act, and (iii) Plaintiff has an unenforceable security interest with respect to the collateral.

Defendant Michel has filed an Answer and Affirmative Defenses that deny the facts and all substantive claims as against him. [DOC. 85]

(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff alleges that it extends loans to musical artists in exchange for the pledge of the artist's ownership interest in his/her music catalog.  Defendant Samuel Prakzrel Michel [sic] ("Michel") is a musical artist.**

**Plaintiff alleges that it extended a $6.5 million loan to Michel that was secured by Michel's interests in royalties from non-party Sony Music Entertainment (the "Secured Assets").  Plaintiff alleges Michel forged the name of one of Plaintiff's principals on a release agreement that substituted the Secured Assets for different loan collateral (the "Release Agreement") in order to sell the Secured Assets.  Plaintiff alleges Meloni, M&M and DSLG assisted Michel in wrongfully selling the Secured Assets to HarbourView, which HarbourView allegedly acquired after receiving the signed Release Agreement for more than the millions of dollars Plaintiff alleges are due to it from Michel.**

**All of the defendants other than Michel have been dismissed from the action.**

(c)  The legal issues to be tried are as follows:

- **With respect to Defendant Michel, who allegedly committed fraud, did such Defendant make any false representations to Plaintiff with scienter and with the intent to induce Plaintiff to act or refrain from acting?**
- **With respect to Defendant Michel, did Defendant commit fraud by forgery and did the forgery result in damages to Plaintiff?**
- **With respect to Defendant Michel, who allegedly committed fraud, did Plaintiff justifiably rely on any misrepresentations made by such Defendant?**
- **Did Plaintiff suffer any damages proximately caused by Defendant Michel?**

- **Does the exception in O.C.G.A § 18-2-78(a) (or the analogous exception of the State whose law does apply to this claim if other than Georgia) bar Plaintiff's Uniform Voidable Transfer Act claim?**
- **If any Defendant other than Michel is liable to Plaintiff, how should Plaintiff's alleged damages be apportioned among such Defendants?**
- **Should any portion of Plaintiff's alleged damages be apportioned to non-parties and, if so, how much?**
- **Is Plaintiff entitled to recover punitive damages from Defendant Michel?**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

- *HV JVCO I, LLC v. Open on Sunday, LLC*, Case No. N22C-12-237 (Sup. Ct. Delaware, Complaint filed Dec. 27, 2022).

(2) Previously Adjudicated Related Cases:

- *Open on Sunday, LLC v. Prakzrel [sic] S. Michel and HarbourView Equity Partners, LLC*, Civil Action 22EV004706 (Sup. Ct., Fulton Co., Complaint filed Aug. 23, 2022). DISMISSED WITHOUT PREJUDICE

**2. This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_**X**\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence

__X___ (5) Extended discovery period is needed
__X__ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
___X___(8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____(11) Unusually complex discovery of electronically stored information

**\* PLAINTIFF DISAGREES THAT THE CASE IS COMPLEX AS STATED ABOVE BY DEFENDANT. PLAINTIFF STATES THAT THE CASE IS NOT COMPLEX IN THAT THERE ARE LIMITED FACT WITNESSES AND LIMITED NEED FOR EXPERT WITNESSES. PLAINTIFF REQUEST A SHORTEN DISCOVERY PERIOD.**

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**Tony Mathis
Law Office of T.E. Mathis
9546 Allisonville Road Indianapolis, Ind. 46250**


Defendant

**Lisa F. Harper
Taylor, Feil & Harper, P.C.
2625 Piedmont Rd. NE
Suite 56-329
Atlanta, GA 30324**


4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

x__ Yes    ___ No

5. **Parties to This Action:**

    (a) The following persons are necessary parties who have not been joined: For Plaintiff:

    **Defendant Michel maintains that HV JVCO I, LLC is a necessary party for some or all of the Plaintiff's claims.**

    (b) The following persons are improperly joined as parties:

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Defendant Prakazrel Samuel Michel is incorrectly sued as "Samuel Prakzrel Michel."**

    (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Defendant Michel maintains that adding HV JVCO 1 LLC is a necessary party for certain claims and that the pleadings should be amended to add a forfeiture claim for the asset.**

    (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed,

or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
    (a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
    (b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
    (c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
    (d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**On behalf of Plaintiff NO**

**On behalf of Defendant Michel – No**

## 10. Discovery Period

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.
Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

X Facts supporting Plaintiff's claims and Defendants' defenses.

X Plaintiff's alleged damages.

X The Parties' expert opinions.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The DEFENDANT Michel respectfully requests that the Court grant ta three month expert discovery period commencing at the close of fact discovery and provide for fact discovery to commence twenty-one (21) days following the Court's resolution of the Meloni Defendants motions to dismiss. PLAINTIFF DOES NOT SUPPORT THIS REQUEST.

The DEFENDANT Michel believes a bifurcated discovery period is necessary so that the parties are able to adequately develop an evidentiary record on which their experts may rely in forming their opinions. PLAINTIFF DOES NOT SUPPORT THIS REQUEST. The DEFENDANT Michel proposes the following expert discovery schedule:

Thirty days after completion of fact discovery period – deadline for Plaintiff's expert disclosures.

Thirty days after deadline for Plaintiff's expert disclosures – deadline for Defendants' expert disclosures.

Thirty days after deadline for Defendant's expert disclosures – deadline for completion of expert discovery.

Thirty days after deadline for completion of expert discovery – deadline for filing summary judgment motions.
PLAINTIFF DOES NOT SUPPORT THIS TIME FRAME FOR DISCOVERY AND REQUEST A SHORTEN DISCOVERY PERIOD OF NO MORE THAN 4 MONTHS.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**N/A.**

(b) Is any party seeking discovery of electronically stored information?

____**X**____ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**N/A. At this time, the Parties do not anticipate any disputes over the sources and scope of electronically stored information.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or

.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**N/A. At this time, the Parties do not anticipate any disputes over the format of electronically stored discoverable information.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Defendant Michel requests entry of a confidentiality Order, to protect the confidentiality of trade secrets and sensitive proprietary business information.**

11

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on_____ and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):

For Defendant Michel: Lead Counsel (signature):

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(___**X**__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

      (c)    Counsel(_____) do or (\_\_X\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20\_\_\_\_.

      (d)    The following specific problems have created a hindrance to settlement of this case.

**The need for fact and expert discovery.**

**14.**    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

      (a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

      (b)    The parties (\_\_\_X\_\_\_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this \_\_10th\_\_\_ day of April, 2024.


By: /s/ *Tony Mathis*_____    By:. */s/ Lisa F. Harper*
    TONY MATHIS              *Lisa F. Harper*
  *Counsel for Plaintiff*       *Counsel for Defendant Michel*

            \* \* \* \* \* \* \* \* \* \* \* \*

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed filing it with the Court's electronic filing system, which will automatically serve a copy on all counsel of record.

This _____ day of          , 2024.

/s/_____
Georgia Bar No.